United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Salinas Falun Smith, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-21650-Civ-Scola |
| | ) |
| Dr. Keith Delman and William Pratt, | ) |
| Defendants. | ) |

### Order Dismissing Case

     This matter is before the Court upon Plaintiff Salinas Falun Smith's motion to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **dismisses** Smith's case, upon initial screening, in accordance with 28 U.S.C. § 1915(e). Because the Court finds Smith's complaint thoroughly baseless, without even an arguably actionable claim, the **dismissal** is **with prejudice**.

     Under 28 U.S.C. § 1915(e)(2), a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

     Smith is a pro se litigant. As such, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (cleaned up). While, on the one hand, "wildly implausible allegations in the complaint should not be taken to be true," at the same time, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Id.* In any event, when determining whether to dismiss, the allegations of a complaint and attachments are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). And, ultimately, a "dismissal for failure to state a claim under the early screening provision is no different from a dismissal under

Federal Rule of Civil Procedure 12(b)(6)": "It is on the merits and with prejudice." *White v. Lemma*, 947 F.3d 1373, 1376–77 (11th Cir. 2020) (cleaned up).

Regardless of how charitably the Court construes Smith's complaint, the contours of his allegations are nonetheless impossible to discern. Although he presents his claim on a pre-printed form captioned as a "COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983," he supplies no facts or legal basis to support his case or any indication whatsoever that he has a viable § 1983 claim or any other cause of action. (Compl., ECF No. 1.) Instead, he lists "Dr. Keith Delman" and "William Pratt," as defendants and lists "Assault with Deadly Weapon," as the latter's "Official Position." (*Id.* at 1.) The only other information supplied consists of twenty-nine pages of exhibits, including several pages of "Jail Records Search Detail" for someone named Tony Mathis, Internal Revenue Service documents, an authorization to release protected health information, documents apparently pertaining to Smith from the Broward Sheriff's office, and assorted documents from the state of Georgia with the word "PERJURY" stamped across them. (Exhibits, ECF No. 1-1.) Even after reviewing these attachments the Court is unable to discern even a hint of a viable claim for relief. In sum, notwithstanding the relaxed pleading standard afforded to pro se litigants, Smith's pro se complaint does not come close to stating a claim for which relief may be granted. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

The screening provisions of 28 U.S.C. § 1915 also authorize courts to dismiss claims "at any time if the court determines [the action] is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d at 1349 (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). "Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990) (citing *Neitzke*, 490 U.S. at 327–28). "To this end, the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 327. "The frivolousness determination is a discretionary one." *Denton v. Hernandez*, 504 U.S. at 33.

Smith's allegations amount to "an archetype of fantastic or delusional scenarios" and merit dismissal as factually frivolous. *Awala v. Gold*, No. 08-20248-CIV, 2008 WL 540687, at *1 (S.D. Fla. Feb. 25, 2008) (Cooke, J.) (cleaned up); *see also Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."); *Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (approving the district court's sua sponte dismissal of a complaint that presented "a far-fetched scenario based on assertions of a massive conspiracy to monitor" the plaintiff); *Biton v. Holder*, No. 10-61038-CIV, 2010 WL 4925799, at *1 (S.D. Fla. June 23, 2010) (Moreno, J.) (dismissing a complaint where there were "no credible factual allegations accompanying the claims"). The Court therefore dismisses Smith's complaint on this additional basis as well.

Accordingly, although the Court **grants** Smith's motion to proceed *in forma pauperis* (**ECF No. 3**), it **dismisses** his case and the complaint (**ECF No. 1**) **with prejudice**. Although ordinarily the Court would grant a pro se litigant at least one opportunity to amend his complaint before dismissal, the Court finds that any amendment would be futile in this case because the complaint is wholly frivolous, failing to even approximate a viable claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming sua sponte dismissal without leave to amend of a frivolous complaint).

The Clerk is directed to **close** this case, and any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on May 4, 2023.

_____
Robert N. Scola, Jr.
United States District Judge